IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**Shirley Yeo Llizo, V.M.D.,**

  **Plaintiff,**

v.                Case No. 11-2302-JWL

**City of Topeka, Kansas,**

  **Defendant.**

## MEMORANDUM & ORDER

Plaintiff filed this lawsuit against the City of Topeka after the City terminated her employment. Plaintiff alleges that the City discriminated against her on the basis of her race, national origin and sex in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and the Kansas Act Against Discrimination, K.S.A. § 44-1001 et seq. She also asserts violations of 42 U.S.C. §§ 1981 and 1983. Plaintiff has designated Kansas City, Kansas as the place of trial.

This matter comes before the court on the City's motion to determine Topeka as place of trial (doc. 29). According to the City, this case has little connection to Kansas City and the factors used to decide a motion for transfer overwhelming favor transferring this case to Topeka. Plaintiff contends that the City has not met its burden of establishing that Kansas City is an inconvenient forum and, moreover, plaintiff will not receive a fair trial in Topeka. As will be explained, the court concludes that defendant has not established that convenience and fairness

considerations weigh in favor of transfer. The motion, then, is denied.[1]

**Background**

According to her complaint, plaintiff began her employment with the City of Topeka in January 2006 as the Director of Veterinary Services assigned to the City's Zoological Park in Topeka, Kansas. Her employment was terminated in October 2009. the parties' submissions reflect that plaintiff, while designating Kansas City, Kansas as the place of trial, resides much closer to Topeka, Kansas. Together, the parties have identified 58 potential witnesses in this case, including plaintiff. Of those witnesses, 28 witnesses reside in Topeka or, at least, reside closer to Topeka than Kansas City, Kansas. The remaining 30 witnesses either live in the Kansas City metropolitan area; live equidistant between Topeka and Kansas City; or live out-of-state or out of the country.

**Standard for a Motion to Transfer**

Local Rule 40.2 provides that "[t]he court shall not be bound by the requests for place of trial but may, upon motion by a party, or in its discretion determine the place of trial." D. Kan. R. 40.2. In considering a motion for intra-district transfer, the courts of this district generally

---

[1] In its reply, defendant asks the court to disregard the substance of the voluminous footnotes in plaintiff's response brief on the grounds that if those footnotes had been included in the text of the brief, the brief undoubtedly would have exceeded the 30-page limitation. While the court has not disregarded those footnotes, nothing in the substance of those footnotes has influenced the court's resolution of the motion.

look to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a). *See Twigg v. Hawker Beechcraft Corp.*, 2009 WL 1044942, at *1 (D. Kan. Apr. 20, 2009) (collecting cases).[2] Section 1404(a) provides in pertinent part: "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). This statute grants a district court broad discretion in deciding a motion to transfer based upon a case-by-case review of convenience and fairness. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991) (quoting *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988)).

In analyzing a motion to transfer, the court considers the following factors: (1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious, and economical. *Chrysler Credit Corp.*, 928 F.2d at 1516. The party seeking to transfer the case has the burden of proving that the existing forum is inconvenient. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir.1992). Generally, unless the balance weighs strongly in favor of transfer, the plaintiff's choice of forum is not disturbed. *Id*. However, because that rule rests on the assumption that the plaintiff resides in the chosen forum, it is largely inapplicable if, as here, the plaintiff does not reside there. *Twigg*, 2009 WL

---

[2] Although § 1404(a) is inapplicable to intra-district transfers on its face because Kansas constitutes only one judicial district and division, the statute provides that "[a] district court may order any civil action to be tried at any place within the division in which it is pending." 28 U.S.C. § 1404(c).

1044942, at *2 (citing cases); 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 3848 (3d ed. 2007) (observing that many courts give substantially less, if any, deference to the plaintiff's choice of forum when the plaintiff resides elsewhere).

**Analysis**

As readily reflected in the parties' submissions, the two primary factors for consideration in this case are the convenience of the witnesses and the possibility of obtaining a fair trial. According to defendant, Topeka is a far more convenient forum than Kansas City for the parties and witnesses because plaintiff herself lives closer to Topeka than Kansas City; more than 20 witnesses live or work in Topeka; and only a small handful of witnesses live in Kansas City. Defendant, then, asks the court to evaluate the relative convenience for those witnesses located in or near Topeka and Kansas City, without regard for the many witnesses who reside out of state and the one witness who resides out of the country. As plaintiff points out, Kansas City, in all likelihood, is far more convenient for out-of-state witnesses in light of the proximity of the Kansas City International Airport to the Kansas City courthouse. Defendant offers no reason why the convenience of these witnesses should be disregarded (such as, that these witnesses are unlikely to be called as witnesses at trial). Moreover, defendant's suggestion that these witnesses simply "charter a flight" to Topeka fails to account for the increased financial burden that this alternative ultimately places on the parties. In the end, then, it cannot be said that the

4

majority of witnesses live or work in Topeka. Rather, it appears that Topeka is a more convenient forum for roughly half of the witnesses identified by the parties, while Kansas City is a more convenient forum for the other half of those witnesses.[3]

If the parties' submissions focused solely on the convenience of the witnesses, the court might be inclined to inquire further as to the likelihood of the various witnesses testifying at trial or might defer ruling on defendant's motion until closer to trial. But plaintiff has raised at least a colorable claim that she may encounter some obstacles to obtaining a fair trial in Topeka. As reflected in plaintiffs' submissions, plaintiff's employment and subsequent lawsuit has received a significant amount of media coverage in Topeka for a single-plaintiff employment case. It appears that the *Topeka Capital-Journal* has reported on plaintiff's employment and lawsuit nine (9) times between July 2010 and November 2011. Indeed, even the fact that the City is seeking to move the trial to Topeka generated an article on the *Capital-Journal*'s website.

In addition to the media coverage of plaintiff's case, however, the public itself has also weighed in on plaintiff's case. In connection with each article about plaintiff on the *Capital-Journal*'s website, members of the public have posted comments about plaintiff on the website and the vast majority of these comments reflect a negative and even hostile attitude toward plaintiff. While defendant is correct that these comments were not necessarily made by Topeka

---

[3]While most of the documents pertinent to this case are located in Topeka, the court is not persuaded by defendant's argument that it would be burdensome and inconvenient to transport those documents to Kansas City. Regardless of the location of the trial, the relevant documents will need to be boxed and transported to a courthouse.

residents (*i.e.*, anyone with computer access can leave a comment on the website), it is reasonable to infer from the substance of the comments that the individuals making those comments are, more likely than not, individuals with ties to the Topeka area.

The court undoubtedly could address this pretrial publicity and alleged prejudice through the voir dire process and is confident that an impartial jury could be selected in Topeka as a result.  If defendant had established that Topeka were a more convenient forum for the clear majority of witnesses, then the court would in all likelihood not hesitate to transfer this case to Topeka despite the publicity and alleged prejudice against plaintiff.  But because defendant has failed in the first instance to demonstrate that Topeka is otherwise a more convenient forum, the court believes that the publicity and potential prejudice issues here help tip the scales in favor of leaving the trial in its current location.

**IT IS THEREFORE ORDERED BY THE COURT THAT** defendant's motion to determine Topeka as place of trial (doc. 29) is **denied**.

**IT IS SO ORDERED.**

Dated this 20th  day of January, 2012, at Kansas City, Kansas.

s/ John W. Lungstrum  
John W. Lungstrum  
United States District Judge